

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 2 4 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

STACEY BEALL
      Plaintiff

V

Cause No **3 - 06 CV - 0153 N**

MARAUDER CORPORATION
      Defendant

22-7149

## NOTICE OF REMOVAL OF DEFENDANT MARAUDER CORPORATION

      PLEASE TAKE NOTICE that defendant Marauder Corporation, by its attorney, Gary MacInnis, hereby removes the above captioned action from the District Court in and for Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1441, §1446, §1331, and §1332, and states:

1.)     The petition was served upon Marauder Corporation on December 27, 2005. Accordingly this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

2.)     The District Court in and for Dallas County, Texas, is located within the Northern District of Texas, Dallas Division. Venue is proper pursuant to 28 USC §89(c) because it is "the district and division embracing the place where such action is pending." See 28 USC §1441 (a).

3.)     No previous application has been made for the relief requested herein.

4.)     Pursuant to 28 USC §1446(a), a copy of all pleadings and citations served upon Marauder Corporation are attached as an exhibit. Pursuant to 28 USC §1446(d), a copy of this notice of removal is being served upon counsel for plaintiff, and a copy is being filed with the Dallas County District Clerk.

## FEDERAL QUESTION

4.)     Removal is appropriate because the suit could have been brought in federal district court, as "founded on a claim or right arising under the constitution, treaties, or laws of the United States."

5.)     The petition filed in state court alleges a cause of action under the Texas Finance Code §392.001, but the petition also alleges a cause of action under a federal statute, to wit: 15 U.S.C. §1692, *Fair Debt Collection Practices Act.* Several applicable federal citations upon which this claim arises are: 15 U.S.C. §1692(e)(2); 15 U.S.C. §1692(e)(4); 15 U.S.C. §1692(e)(5); 15 U.S.C. §1692(e)(10); 15 U.S.C. §1692(f); 15 U.S.C. §1692(d). The factual allegations which give rise to a cause of action under federal law are set forth in paragraph 14 of the plaintiff's petition.

6.)     Plaintiff has pled a cause of action under 15 U.S.C. §1692 et seq. The petition describes acts committed by the employees of Defendant Marauder Corporation which violate the *Fair Debt Collection Practices Act.*

## DIVERSITY

7.)     The Plaintiff is a citizen of Texas. The Defendant is a California corporation with its principal place of business in California. The amount in controversy is in excess of seventy five thousand dollars ($75,000.00) because in addition to actual and statutory damages, treble damages pursuant the deceptive trade practices act, attorney fees and costs, the plaintiff seeks an injunction which would proscribe the collection activities of Defendant and this injunction would result in losses to defendant in excess of seventy five thousand dollars ($75,000.00). The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(c)(1).

WHEREFORE, Defendant Marauder Corporation removes this action from the District Court in and for Dallas County, Texas, bearing cause number 05-12269, to the United States District Court for the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. §1441.

*Gary MacInnis*

Gary MacInnis
State Bar No. 12774500
P.O. Box 91926
Austin, Texas 78709-1926
(512) 292-6029 phone
(512) 292-6919 fax


ATTORNEY FOR DEFENDANT




## CERTIFICATE OF SERVICE

I certify that on January 20, 2006, a copy of the foregoing notice of removal with all

attachments was sent by first class mail to :

Dallas County District Clerk          T. Dean Malone
Civil Division                        Attorney for Plaintiff
600 Commerce                          900 Jackson St.
Dallas, Texas 75202                   Suite 730
                                      Dallas, Texas 75202


*Gary Mac Innis*

Gary MacInnis

## INDEX

| DOCUMENT | FILING DATE |
|---|---|
| **Original Petition** | **December 20, 2005** |
| **Docket Sheet** | **December 20, 2005** |

State Court Petition

CAUSE NO. _D S - 1 2 2 6 9_

| | | |
|---|---|---|
| STACEY BEALL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| MARAUDER CORPORATION, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Stacey Beall (hereinafter "Ms. Beall") files this petition and for cause of action will show the following:

### Discovery Control Plan

1.     The Plaintiff intends that discovery in this case is to be conducted under Level 2, as described by Texas Rule of Civil Procedure 190.

### Parties

2.     The Plaintiff is an individual who resides and did reside in Dallas County, Texas at all relevant times.

3.     Defendant Marauder Corporation (hereinafter "Marauder") is, upon information and belief, a California corporation.  Upon information and belief, Marauder has done business in and/or directed acts toward Texas sufficient that Texas has general jurisdiction, and/or in the alternative specific jurisdiction, over Marauder.  Marauder has done business in the state of Texas, in accordance with the meaning of such term pursuant to Section 17.042 of the Texas Civil Practice and Remedies Code, because it has

committed a tort against the Plaintiff in whole or in part in this state. Despite having engaged in business in Texas, Marauder has not designated nor maintained a registered agent for service of process. Further, upon information and belief, Marauder does not maintain a regular place of business in Texas. Because this suit arises out of Marauder's business done in this state, and Marauder is a party to this suit, the Texas Secretary of State shall be an agent for service of process upon Marauder in accordance with Section 17.044 of the Texas Civil Practice and Remedies Code. Therefore, in accordance with Section 17.045 of the Texas Civil Practice and Remedies Code, the Texas Secretary of State shall be Marauder's agent for service of process and shall be served as such in this lawsuit. Service upon the Texas Secretary of State of duplicate copies of this petition and a citation directed to Marauder shall be made personally or by United States mail, certified, return receipt requested, to the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701. The Texas Secretary of State shall immediately cause one of the copies thereof of both this petition and the citation to be forwarded by United States mail, certified, return receipt requested to, upon information and belief Marauder's home office at 74923 Highway 111, Suite 218, Indian Wells, California 92210. Service upon the Secretary of State shall be returnable in not less than thirty (30) days. Marauder acted at all relevant times through its agents and/or employees.

Jurisdiction

4.      The court has general jurisdiction, and in the alternative specific jurisdiction, over Marauder because, upon information and belief, (1) it has routinely and purposefully done business in the State of Texas, (2) it committed a tort in whole or in

part in Texas against a Texas resident, and/or (3) its minimum contacts with the State of Texas are sufficient that substantial justice and fair play allow Texas state courts to exercise jurisdiction over it.

5.     The Plaintiff is not currently seeking a total of more than the sum or value of $75,000.00, exclusive of interest and costs.  The Plaintiff is also not currently asserting any claim arising under the Constitution, laws, or treaties of the United States.

## Venue

6.     Venue is proper in Dallas County.  Specifically, venue is mandatory in Dallas County because it is the county where all or a substantial part of the events or omissions giving rise to the claims occurred.

## Factual Allegations

7.     Marauder attempted to collect from Ms. Beall an alleged consumer. Unfortunately, rather than utilizing proper collection techniques, Marauder violated consumer protection law.

8.     Ms. Beall received a voicemail message at her place of employment asking her to call "CPS."   CPS is a well-known acronym in Texas for a government agency known as "Child Protective Services."  Ms. Beall panicked, because she believed that the call could be related to her sister's children.  Her sister was at the time involved in a divorce proceeding.

9.     Ms. Beall returned the call and spoke, upon information and belief, to a Marauder employee and/or agent utilizing the name "Michelle Black."  Ms. Black told

Ms. Beall that Ms. Beall owed "Cashnet 500" over $800.00. Ms. Black further stated that, if Ms. Beall did not pay the alleged debt that day, Ms. Beall's office would be shut down, her computers would be confiscated, and she would lose her job. Ms. Black also threatened that Ms. Beall would be arrested for fraud. Ms. Beall, continuing in her panicked state, told Ms. Black that she would call her back.

10.     Ms. Beall's parents were in Colorado for a family function. Despite attempts, she was unable to contact them. Ms. Beall called Ms. Black and told her that Ms. Beall was unable to reach her father due to him being in Colorado. Ms. Black stated that Ms. Beall's parents would be located in Colorado and arrested. Ms. Beall began to weep. Ms. Beall then stated that she would call her sister for assistance.

11.     Ms. Beall called her sister for assistance. Ms. Beall's sister called her boyfriend. Ms. Beall's sister's boyfriend called Ms. Beall for details regarding Marauder's allegations.

12.     Ms. Beall was shaking and paranoid about police officers arresting her. Ms. Beall called Ms. Black, and Ms. Black demanded that either Ms. Beall's father or Ms. Beall's sister's boyfriend provide a credit card number to pay the alleged debt. Ms. Black threatened that Ms. Beall would be arrested if she failed to pay the alleged debt in that manner.

13.     Upon information and belief, one or more Marauder debt collectors called Ms. Beall's supervisor and Ms. Beall's employer's administrative assistant. Marauder harassed and threatened Ms. Beall to the point that she was afraid to leave her home. Ms. Beall suffered damages as a result of Marauder's actions. Ms. Beall is also entitled to recover attorneys' fees and costs.

<u>Cause of Action for Violation of Chapter 392 of the Texas Finance Code</u>

14.     In the alternative, without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Marauder is liable to the Plaintiff for violating portions of the Texas Finance Code applicable to the collection of consumer debts.  Marauder acted as a debt collector and/or third-party debt collector when attempting to collect a consumer debt from the Plaintiff-consumer, as such terms are defined in Texas Finance Code §392.001.  Marauder violated at least the following sections and paragraphs of the Texas Finance Code:

Section 392.101 by failing to obtain and have on file with the Texas Secretary of State a surety bond meeting the statutory requirements.

Section 392.301 by using threats, coercion, or attempts to coerce that employ one or more of the following listed practices:

15 USC 1692 e
807(4)
(5)     threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings;

807 (5)
(6)     threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law; and/or

807 (2)
(8)     threatening to take an action prohibited by law.

Section 392.302(1) by oppressing, harassing, or abusing a person by using profane or obscene language or language intended to abuse unreasonably the hearer or reader.   15 USC 1692 d §§806

*[handwritten: 15 USC 1681a   15 USC 1681b.]*

*[handwritten: 15 USC 1692(d)]*

Section 392.304 by using a fraudulent, deceptive, or misleading representation

that employs one or more of the following listed practices:

*[handwritten: 15 USC 1692]*

*[handwritten: 15 USC 1692e]*

(8)    misrepresenting the character, extent, or amount of a consumer debt, or

*[handwritten: 807(4)]* misrepresenting the consumer debt's status in a judicial or governmental

proceeding;

*[handwritten: 807(2)]* (14)    representing falsely the status or nature of the services rendered by the

debt collector or the debt collector's business; and/or

(19)    using any other false representation or deceptive means to collect a debt or

*[handwritten: 807(10)]* obtain information concerning a consumer.

*[handwritten: 15 USC 1681   1692t]*

The Plaintiff seeks (1) injunctive relief to prevent or restrain a violation of one or

more of the above-described sections and/or paragraphs, (2) actual and/or any available

statutory damages sustained as a result of such violations, and (3) attorneys' fees and

costs.

<u>Cause of Action for Unreasonable Collection Efforts</u>

15.    In the alternative, without waiving any of the other causes of action herein,

without waiving any procedural, contractual, statutory, or common-law right, and

incorporating all other allegations herein to the extent they are not inconsistent with the

cause of action pled here, Marauder is liable to the Plaintiff for its unreasonable

collection efforts.  The Plaintiff has a right to be free from unreasonable and wrongful

collection and/or repossession efforts.  *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex.

Civ. App.—Waco 1962, writ ref'd n.r.e).  Marauder's collection efforts were unreasonable

and wrongful.   Marauder's unreasonable collection efforts proximately caused the

Plaintiff to suffer injury, including but not necessarily limited to humiliation and mental anguish.

## Request for Permanent Injunction

16.    The court should permanently enjoin Marauder following trial of this cause from committing acts in violation of the statute(s) cited herein, with regard to actions related to the Plaintiff.

## Attorneys' Fees

17.    The court should award the Plaintiff attorneys' fees for all causes of action herein supporting such an award.

## Request for a Record

18.    Pursuant to Texas Government Code section 52.046, the Plaintiff hereby requests that an official court reporter attend and make a full record of all hearings in this case.

## Request for Disclosure

19.    Pursuant to Rule 194, you (the natural or legal person defendant upon whom this petition is served) are requested to disclose, within 50 days after service of this request, the information or material described in Rule 194.2.

<u>Prayer</u>

20.     For these reasons, the Plaintiff asks that the Defendant be cited to appear and answer, and that the Plaintiff have judgment for damages within the jurisdictional limits of the court and against the Defendant for:

a)      actual damages;

b)      any statutory damages;

c)      pre-judgment and post-judgment interest at the highest legal rate;

d)      legally-available reasonable and necessary attorneys' fees;

e)      costs;

f)      a permanent injunction against Marauder enjoining it from committing the unlawful conduct described in this petition; and

g)      all other relief, general and special, legal and equitable, to which the Plaintiff is entitled.

Respectfully submitted,

Law Offices of Dean Malone, P.C.

By: _____
        T. Dean Malone

T. Dean Malone
Texas State Bar No. 24003265
Michael T. O'Connor
Texas State Bar No. 24032922
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone:     (214) 670-9989
Telefax:        (214) 670-9904

Attorneys for the Plaintiff

JS 44
(Rev. 3/99)

ORIGINAL

# CIVIL COVER SHEET

3-06 CV-0153N

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

STACEY BEALL

JAN 24 2006

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## DEFENDANTS

MARAUDER CORPORATION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ TX
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Riverside, CA.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DEAN MALONE, 900 JACKSON ST. ste 730, dallas, Tx.75202
(214) 670-9989

ATTORNEYS (IF KNOWN)

Gary MacInnis, P.O. Box 91926, Austin, Tx. 78709-1926
(512) 292-6029

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. 1692 et. seq. Fair Debt Collection Practises Act; Plaintiff claims abusive practises by Defendant debt collector; 28 U.S.C. 1332 Diversity of Citizenship.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE
January 20, 2006   Gary MacInnis/   *Gary Mac Innis*

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



## United States District Court
### Northern District of Texas 8-06 CV-0153N



### Supplemental Civil Cover Sheet For Cases Removed
### From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1.  **State Court Information:**

    Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

    | Court | Case Number |
    |---|---|
    | Dallas County District Court | 05-12269 |

2.  **Style of the Case:**

    STACEY BEALL V. MARAUDER CORPORATION
    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

    | Party and Party Type | Attorney(s) |
    |---|---|
    | STACEY BEALL, PLAINTIFF | Dean Malone,  State Bar No. 24003265<br>900 Jackson St.  Suite 730<br>Dallas, Texas 75202<br>(214) 670-9989 phone |
    | MARAUDER CORPORATION | Gary MacInnis,  State Bar No. 12774500<br>P.O. Box 91926<br>Austin, Texas 78709-1926<br>(512) 292-6029 phone |

3.  **Jury Demand:**

    Was a Jury Demand made in State Court?    •  Yes        No

    If "*Yes*," by which party and on what date?

    _____          _____
    Party                                                          Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.      **Answer:**

Was an Answer made in State Court?          •  Yes          ⟨ •  No ⟩

If "*Yes*," by which party and on what date?

_____          _____
Party                                                                          Date

5.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

**Party**                                          **Reason(s) for No Service**

6.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                          **Reason**

7.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                                          **Claim(s)**
STACEY BEALL, PLAINTIFF          Plaintiff claims Defendant violated fair debt collection practises act.

ɑºɑ
Tue Jan 24 10:49:43 2006

UNITED STATES DISTRICT COURT

, TX

Receipt No.    300 227169
Cashier        burton

Check Number:  1200

DO Code    Div No
  4677        3

Sub Acct Type Tender      Amount
1:086900  N     2          60.00
2:510000  N     2         190.00

Total Amount         $    250.00

306CV153-N  STACEY BEALL

GARY MACINNIS  P.O. BOX 91926  AUSTI
N TX 78709

bn