UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACEY BEALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 3-06CV-0153-N |
| | § | |
| MARAUDER CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiff files this Motion to Remand and Brief in Support.

## I. Introduction

### A. Summary of Argument and Requested Relief

The Defendant removed this case based upon alleged federal question and diversity jurisdiction. However, it is clear that the Plaintiff did not assert any federal cause of action in the Plaintiff's state court pleading. Further, it is clear that the amount in controversy does not exceed $75,000.00. The Defendant and its attorney make bald-faced misrepresentations in their notice of removal. The Defendant and/or its attorney also added handwritten purported federal citations to the Plaintiff's state court pleading in order to mislead the court. The court should remand this case to state court, because it does not have jurisdiction to decide the claims asserted by the Plaintiff. Further, the court should award the Plaintiff attorneys' fees and costs which resulted due to the improper, bad-faith removal.

### B. Relevant Procedural History

The Plaintiff filed suit against the Defendant and alleged two causes of action arising under state law: (1) a violation of Chapter 392 of the Texas Finance Code and (2) a Texas unreasonable collection efforts common-law cause of action. The Plaintiff also sought a permanent injunction against the Defendant, but only as to the Defendant's actions related to the Plaintiff. Paragraph 5 of the Plaintiff's pleading states:

> The Plaintiff is not currently seeking a total of more than the sum or value of $75,000.00, exclusive of interest and costs. The Plaintiff is also not currently asserting any claim arising under the Constitution, laws, or treaties of the United States.

The Plaintiff served a citation and a true and correct copy of the state court petition upon the Defendant by serving the Texas Secretary of State. The Defendant filed its notice of removal on January 24, 2006. The Defendant purports to attach to its notice of removal the Plaintiff's Original Petition and Request for Disclosure. However, the Defendant and/or its attorney made handwritten notes on pages 5 and 6 of that pleading. Neither the Plaintiff nor her attorney made such notes.

The Defendant purported to remove the case based upon both federal question and diversity jurisdiction. Because the Plaintiff believes that the Defendant removed this case without any good-faith or objectively reasonable basis, and because this court does not have jurisdiction to hear claims asserted by the Plaintiff, the Plaintiff filed this motion. The Plaintiff also files the Appendix in Support of Plaintiff's Motion and Brief in Support to Remand to State Court.

### II. Argument and Authorities

United States federal district courts are courts of limited jurisdiction. *Exxon-Mobil Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2616 (2005). District courts have power only over matters authorized by Constitution and statute. *Id.* at 2616-617. In most cases, federal courts acquire

Plaintiff's Motion to Remand and Brief in Support – Page 2 of 10

jurisdiction over matters in one of two ways. Federal courts acquire jurisdiction over disputes involving a federal question. 28 U.S.C. § 1331. Federal question jurisdiction exists when a civil action arises under the United States Constitution and/or the laws or treaties of the United States. *Id.* Federal courts also acquire jurisdiction over what are commonly known as diversity cases. *Allapattah*, 125 S.Ct. at 2617. Congress granted original jurisdiction to district courts for cases in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. A defendant may remove a case brought in any state court and for which the district courts of the United States would have original jurisdiction. 28 U.S.C. § 1441.

### A. The Court Should Remand This Case To State Court.

The court does not have jurisdiction over the claims in this lawsuit. There is no federal question jurisdiction, because the Plaintiff asserted only causes of action arising under Texas State law. Further, there is no diversity jurisdiction. The amount in controversy is far less than $75,000.00, and the Defendant failed to assert its citizenship in its notice of removal.

#### 1. The Court Does Not Have Federal Question Jurisdiction.

The Plaintiff's attorney was shocked to read the Defendant's allegation in its notice of removal that the Plaintiff alleged a cause of action pursuant to a federal statute. The Plaintiff's attorney was equally shocked to find that the Defendant and/or its attorney had apparently attempted to write federal citations upon pages 5 and 6 of the Plaintiff's pleading. The Defendant and/or its attorney fabricated unasserted allegations. The Defendant and/or its attorney apparently have such a strong desire that the Plaintiff plead a federal claim that the Defendant and/or its attorney mislead the court by writing purported federal statutory citations onto the Plaintiff's pleading. The Defendant's

allegation that the Plaintiff has pled a federal cause of action is clearly false, and the court should summarily dispose of the Defendant's allegation. The Defendant makes a mockery of federal court jurisdiction and gives short shrift to the truth. The allegation is clearly false, and the Defendant cannot rely upon it to support alleged federal question jurisdiction over this case.

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded-complaint rule" provides that a federal district court has jurisdiction only when a federal question is presented on the face of the Plaintiff's petition or complaint. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). Therefore, the face of the Plaintiff's pleading is the only place a court should look to determine whether federal question jurisdiction exists. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). A plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusively relying on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Federal law must be at the forefront of a case, and not collateral, peripheral or remote, for a court to have federal-question jurisdiction. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 n.11 (1986).

The Defendant improperly argues that the court has federal-question jurisdiction over this case. The Defendant states that this suit "could have been brought in federal district court." However, whether the Plaintiff "could have" asserted a federal claim is not the test. Rather, the court must look solely to the Plaintiff's state-court petition filed in state court to determine whether the Plaintiff has asserted a federal claim. Clearly, the Plaintiff has not asserted a federal claim.

The Defendant acknowledges that the petition asserts a cause of action pursuant to Chapter 392 of the Texas Finance Code. Amazingly, the Defendant then states that the Plaintiff "alleges a

cause of action under a federal statute, to wit: 15 U.S.C. § 1692 . . . ." The Defendant reaches this conclusion by citing a portion of paragraph 14 of the Plaintiff's original petition, in which the Plaintiff simply pleads the Texas Finance Code Chapter 392 cause of action in the alternative. The Defendant further states bluntly, "Plaintiff has pled a cause of action under 15 U.S.C. § 1692."

The Defendant's argument is tortured and fails to understand basic pleading rules. A plaintiff is required to give a short statement of each cause of action alleged, such that a defendant is given "fair notice of the claim involved." Tex. R. Civ. P. 47. The Plaintiff may plead in the alternative. Tex. R. Civ. P. 47 and 48. If a defendant believes that a plaintiff's pleading does not give a defendant fair notice of a claim asserted, a defendant may specially except to that pleading. Tex. R. Civ. P. 91. The Plaintiff's pleading clearly and unequivocally alleges two causes of action pursuant to Texas law. The phrase at the beginning of paragraph 14 of the Plaintiff's petition simply indicates that the Plaintiff pleads the claim in the alternative and does not intend to waive any rights the Plaintiff may have by pleading such a claim. The Defendant wrongly reached the conclusion that, by pleading in the alternative, the Plaintiff asserted a federal cause of action. It is disingenuous of the Defendant to allege that the Plaintiff has "pled a cause of action under 15 U.S.C. § 1692," when the Plaintiff included the following verbiage in paragraph 5 of the Plaintiff's pleading:

> The Plaintiff is not currently seeking a total of more than the sum or value of $75,000.00, exclusive of interest and costs. The Plaintiff is also not currently asserting any claim arising under the Constitution, laws, or treaties of the United States.

Clearly, the Plaintiff has not asserted any claim arising under federal law.

### 2. The Court Does Not Have Diversity Jurisdiction.

The Defendant's argument that the court has diversity jurisdiction is as patently false as its argument that the court has federal question jurisdiction. Further, even a cursory consideration of the

Plaintiff's Motion to Remand and Brief in Support – Page 5 of 10

Defendant's argument indicates that the Defendant and/or its attorney are clearly attempting to deceive the court.

Federal district courts have original jurisdiction of all civil cases in which (1) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and (2) the parties are citizens of different states. 28 U.S.C. § 1332. The Defendant failed in its notice of removal to make allegations sufficient to meet the second prong by making no allegation regarding its own citizenship. The Defendant has also failed to meet the first prong – that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

Contrary to the Defendant's assertion, the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs. The Defendant appears to make two arguments supporting its allegation that the amount in controversy exceeds $75,000.00. First, the Defendant improperly attempts to join aggregate claims and/or damages in a rhetorical fashion, presumably so that the court will be impressed with the alleged amount in controversy. The Defendant argues that there are disputed "actual and statutory damages, treble damages pursuant [sic] the deceptive trade practices act, attorney [sic] fees and costs . . . ." The Defendant's argument is without merit, because the Defendant simply lists categories attempting to bolster some imaginary and unasserted dollar amount. Further, as indicated above, and as is clearly shown in the Plaintiff's pleading, the Plaintiff has not asserted a claim pursuant to the Texas Deceptive Trade Practices Act ("DTPA"). The Plaintiff is at a loss to determine the origin of the Defendant's DTPA reference. Finally, the Plaintiff specifically pled the following in paragraph 5 of the Plaintiff's petition:

> The Plaintiff is not currently seeking a total of more than the sum or value of $75,000.00, exclusive of interest and costs. The Plaintiff is also not currently asserting any claim arising under the Constitution, laws, or treaties of the United States.

Clearly, the Plaintiff is not seeking a total of more than the sum or value of $75,000.00, exclusive of interest and costs.

Second, the Defendant attempts to show that the amount in controversy exceeds $75,000.00, because the Plaintiff is seeking an injunction "which would proscribe the collection activities of Defendant" allegedly resulting in "losses to defendant in excess of seventy five thousand dollars ($75,000.00)." This argument is clearly without merit.

A court is to measure the amount in controversy for a claim seeking injunctive relief by measuring the value of the object of the litigation. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). If a plaintiff seeks an injunction keeping a defendant from conducting business in a certain manner, then the value of the right to conduct business in that manner, for purposes of the amount in controversy, is "measured by the losses that will follow from the [injunction's] enforcement." *Id.* The Defendant cannot show that injunctive relief sought by the Plaintiff will cause the Defendant to lose in excess of $75,000.00.

The Plaintiff, in her petition, seeks a permanent injunction to restrain or prevent a violation of Chapter 392 of the Texas Finance Code, "with regard to actions related to the Plaintiff." Because the Plaintiff has not filed a putative class action, the Plaintiff is simply seeking to have the Defendant enjoined from violating Chapter 392 of the Texas Finance Code when the Defendant interacts with the Plaintiff and/or takes actions related to the alleged debt. The Defendant has alleged that the purported debt, which it was attempting to collect from the Plaintiff, is in an amount less than $1,000.00. App. at 3-4. There is no good-faith argument that the Defendant would lose over $75,000.00 in profits by being forced to cease any unlawful action related to collecting an alleged debt of less than $1,000.00.

Further, the Plaintiff merely seeks injunctive relief to keep the Defendant from violating Chapter 392 of the Texas Finance Code. The Defendant cannot argue that it should be entitled to violate the state statute so that it may unlawfully allegedly earn more than $75,000.00 in profits.

### B. The Court Should Award The Plaintiff Attorneys' Fees As A Result Of The Improper Removal.

The court should award the Plaintiff attorneys' fees as a result of the improper removal. The United States Supreme Court recently noted:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method of delaying litigation and imposing costs on the plaintiff.

*Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005).

A court may award attorneys' fees and costs incurred as a result of an improper remand when an "objectively reasonably basis" does not exist for removal. 28 U.S.C. § 1447(c) and *Martin*, 126 S. Ct. at 711. In essence, the grounds for removal must be objectively reasonable. *Martin*, 126 S. Ct. at 711.

The Defendant clearly removed this case with no objectively reasonable basis for doing so. In fact, the Defendant's attorney's conduct, in filing a frivolous removal notice and handwriting citations onto the Plaintiff's pleading, likely violate Federal Rule of Civil Procedure 11. The Plaintiff clearly pled that the amount in controversy did not exceed $75,000.00, and that the Plaintiff was not asserting any cause of action arising under federal law. Further, the Defendant's argument – that an injunction prohibiting it from violating a Texas statute when attempting to collect an alleged debt less than $1,000.00 somehow equates to a $75,000.00 amount in controversy – is laughable. However, the improper removal is far from amusing. The improper removal has delayed this case

and caused the Plaintiff's attorney to invest time and expenses in filing this motion and taking other actions in federal court which would otherwise be unnecessary. Therefore, the court should remand this case to the state court in which it was filed and award the Plaintiff costs and expenses, including attorneys' fees incurred as a result of the unreasonable and bad-faith removal.

### III.     Conclusion

It is clear, and it should be undisputed, that the court does not have jurisdiction over the claims alleged by the Plaintiff in her live pleading in this case. It appears that the Defendant and its attorney removed this case without any good-faith or reasonable basis and apparently for purposes of harassment and/or delay. Therefore, the court should grant this motion to remand, remand this suit to the state court in which it was originally filed, and award the Plaintiff her costs, expenses and attorneys' fees, as well as any additional relief which the court deems appropriate.

Respectfully submitted,

Law Offices of Dean Malone, P.C.

s/ T. Dean Malone
T. Dean Malone

T. Dean Malone
Texas State Bar No. 24003265
Michael T. O'Connor
Texas State Bar No. 24032922
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:        (214) 670-9904
Attorneys for Plaintiff

## CERTIFICATE OF CONFERENCE

The movant's attorney left voicemail messages (requesting a return call) for the respondent's attorney at approximately 1:26 p.m. and 3:35 p.m. respectively on January 27, 2006. However, as of 1:40 p.m. on January 30, 2006, the attorney for the respondent had not returned the calls. It appears that the attorney for the respondent was available, but not returning calls, because he filed a purported pleading in this case early on the morning of January 30, 2006. Therefore, it is not possible to confer, and the motion is presumably opposed.

s/ T. Dean Malone
T. Dean Malone

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2006 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney, who should have consented in writing to accept this Notice as service of this document by electronic means:

Mr. Gary MacInnis
P.O. Box 91926
Austin, Texas 78709-1926

I certify that my office sent a copy of the foregoing document via certified mail, return receipt requested, on January 30, 2006 to the following person:

Mr. Gary MacInnis
P.O. Box 91926
Austin, Texas 78709-1926

s/ T. Dean Malone
T. Dean Malone