IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACEY BEALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-0153-N |
| | § | |
| MARAUDER CORP., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Beall's motion to remand. Because there is no plausible basis for federal jurisdiction, the Court grants the motion to remand and awards attorneys' fees to Beall.

Beall commenced this action against Defendant Marauder in state district court. Beall alleged that Marauder attempted to collect a debt from Beall in violation of Chapter 392 of the Texas Finance Code. Beall also asserted a common law claim for unreasonable collection efforts. Beall sought monetary damages and injunctive relief "with regard to actions related to the Plaintiff." Plaintiff's Original Petition ¶ 16. Beall expressly stated:

> The Plaintiff is not currently seeking a total of more than the sum or value of $75,000.00, exclusive of interest and costs. The Plaintiff is also not currently asserting any claim arising under the Constitution, laws, or treaties of the United States.

*Id.* ¶ 5. Marauder timely removed to this Court alleging both federal question and diversity jurisdiction.

ORDER – PAGE 1

Marauder's claim of federal question jurisdiction is baseless.  Marauder argues that Beall's claim under the Texas Finance Code is preempted by the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and thus there is federal question jurisdiction.  Marauder ignores the difference between "ordinary" preemption and the complete preemption required for federal question jurisdiction over an otherwise state law claim.  *See, e.g.*, *PCI Transp., Inc. v. Fort Worth & W.R.R. Co.*, 418 F.3d 535, 543-45 (5th Cir. 2005).  There is no showing or indication that the FDCPA completely preempts Chapter 392 of the Texas Finance Code.  Accordingly, the Court does not have federal question jurisdiction.

Marauder argues that the Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.  Marauder argues that the amount in controversy requirement is met, notwithstanding Beall's disclaimer of damages in excess of $75,000, because Beall seeks injunctive relief.  Marauder treats Beall's request for injunctive relief as it if were some kind of class-based relief, and argues that such broad relief would cost Marauder more than $75,000 to comply.  As quoted above, however, Beall's request for injunctive relief relates to herself only.  Marauder makes no factual showing that complying with such limited injunctive relief would cost it anything.  Accordingly, Marauder fails to show that the amount in controversy requirement is met, and the Court does not have diversity jurisdiction.

The Court finds that there is no objectively reasonable basis for removal and that this is an appropriate case for award of attorneys' fees under 28 U.S.C. § 1447(c).  The Court

takes judicial notice of the pleadings on file in this action.  A reasonable fee for the efforts incurred by Beall because of the improper removal is $3,000.

It is, therefore, ordered that this action is remanded to state district court, and Marauder is further ordered to pay Beall $3,000 in attorneys' fees within thirty (30) days of the date of this Order.

Signed June 19, 2006.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 3